IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH RUPPERSBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-691-SLR |
| | ) |
| M&T BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 3ᵈ day of May, 2013, having screened the case pursuant to 28

U.S.C. § 1915(e)(2);

IT IS ORDERED that the: (1) the motion for an emergency hearing (D.I. 1) is

**denied** as moot; and (2) the complaint is **dismissed** as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i), for the reasons that follow:

1. **Background**. Plaintiff, who resides in Wilmington, Delaware, proceeds pro

se and has been granted leave to proceed in forma pauperis. She alleges

discrimination of an undetermined nature.

2. **Standard of review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations

in a complaint as true and take them in the light most favorable to a pro se plaintiff.

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*,

551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally

construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to

2

"[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff alleges that no agency will help her. She states that she lives in an unsafe apartment, cannot make telephone calls, has no television or radio, the windows do not open, the shower smells, the heat and hot water do not always work, she was not provided a key to the mailbox, her property was stolen from the apartment, defendant M&T Bank will not give her checks for a cash advance loan, the local police will not allow her to file a report, defendant Senator Carper's office

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

would not help her find the food stamp office, and her social security card was stolen placing her identity in jeopardy. Plaintiff needs to relocate but will have no money until May 3, 2013 when she receives her disability check. She also requests an emergency hearing. (D.I. 1)

7. Plaintiff's complaint does not show that she is entitled to relief. The complaint does not suggest any claims under federal law and the parties are not diverse. Even given the latitude accorded *pro se* pleadings, the filing is so devoid of any possible merit as to be frivolous. Therefore, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Perhaps plaintiff might seek assistance from the: (1) Delaware Health and Social Services Division of Social Services, 1920 Maryland Avenue, Wilmington, Delaware; (2) First State Community Action Agency, 19 Lambson Lane, Suite 105A, New Castle, Delaware; (3) Sunday Breakfast Mission, 110 N. Poplar Street, Wilmington, Delaware; or (4) West End Neighborhood House, 710 North Lincoln Street, Wilmington, Delaware.

8. **Conclusion**. For the above reasons, the motion for an emergency hearing (D.I. 1) is denied as moot and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment of the complaint is futile. The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE

4